FILED
CLERK, U.S. DISTRICT COURT

MAR - 5 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MANUEL BURRUEL, III,

      Petitioner,

    v.

ROCKY SPURGEON,
Acting Director,

      Respondent.

   )
   )
   )
   )
   )
   )
   )
   )
   )
   )
   )
   )

NO. ED CV 07-1131-AG(E)

ORDER ADOPTING FINDINGS,

CONCLUSIONS AND RECOMMENDATIONS

OF UNITED STATES MAGISTRATE JUDGE

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge.  The Court approves and adopts the Magistrate Judge's Report and Recommendation.

    IT IS ORDERED that Judgment be entered denying and dismissing the Petition with prejudice.

///

///

///

///

1      IT IS FURTHER ORDERED that the Clerk serve copies of this

2 Order, the Magistrate Judge's Report and Recommendation and the

3 Judgment herein by United States mail on Petitioner and counsel for

4 Respondent.

5

6      LET JUDGMENT BE ENTERED ACCORDINGLY.

7

8      DATED: FEBRUARY 29, 2008

9

10

11

12                       ANDREW J. GUILFORD
                  UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MANUEL BURRUEL, III, | ) | NO. ED CV 07-1131-AG (E) |
| Petitioner, | ) | |
| v. | ) | REPORT AND RECOMMENDATION OF |
| ROCKY SPURGEON, Acting Director, | ) | UNITED STATES MAGISTRATE JUDGE |
| Respondent. | ) | |

This Report and Recommendation is submitted to the Honorable Andrew J. Guilford, United States District Judge, pursuant to 28 U.S.C. section 636 and General Order 05-07 of the United States District Court for the Central District of California.

PROCEEDINGS

Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" on September 6, 2007 ("Petition"). Respondent filed an Answer on December 5, 2007.  On December 18, 2007, Petitioner filed "Petitioner's Response to Respondent's Answer on Writ

1  of Habeas Corpus," which the Court construes as Petitioner's Reply

2  ("Reply").  Also on December 18, 2007, Petitioner filed a request for

3  judicial notice of two cases, In re Detention of Gonzales, 658 N.W.2d

4  102 (Iowa 2003), and In re Detention of Albrecht, 147 Wash. 2d 1, 51

5  P.3d 73 (2002).[1]

6

7                              **BACKGROUND**

8

9       On June 15, 1990, Petitioner pled guilty to two counts of

10  committing a lewd act with a child under the age of fourteen in

11  violation of California Penal Code section 288(a) (Clerk's Transcript

12  ["C.T."] 255).  On August 30, 1990, Petitioner pled guilty to

13  committing oral copulation while confined in state prison, in

14  violation of California Penal Code section 288a(e) (C.T. 256).  On

15  February 27, 1992, Petitioner pled guilty to two counts of committing

16  a lewd act with a child under the age of fourteen in violation of

17  California Penal Code section 288(a) (C.T. 346-51).

18

19       On June 5, 1997, Petitioner was paroled (Reporter's Transcript

20  ["R.T."] 221).  Petitioner was returned to custody several times on

21  parole violations (R.T. 180, 221-22).  On June 5, 2001, Petitioner was

22  discharged from parole (R.T. 222-23).

23

24  ─────────────────────

25       [1]   The Court may consider these cases without taking
    judicial notice of them.  See Hyde v. Paskett, 383 F. Supp. 2d

26  1256, 1262-63 (D. Idaho 2005); cf. Hayward v. Marshall, ___,
    F.3d. ___, 2008 WL 43716, at *4 n.5 (9th Cir. Jan. 3, 2008)

27  (construing request for judicial notice of case authorities as
    citation of supplemental authorities and denying request for

28  judicial notice as moot).

                                 2

1    On February 13, 2002, Petitioner pled guilty to one count of
2 buying or receiving a stolen motor vehicle in violation of California
3 Penal Code section 496d and received a sentence of one year and four
4 months (C.T. 122; R.T. 223).  On September 20, 2002, the Riverside
5 County District Attorney filed a commitment petition alleging that
6 Petitioner was a sexually violent predator ("SVP") as defined in
7 California's Sexually Violent Predators Act, California Welfare and
8 Institutions Code section 6600 et seq. (C.T. 1-3).  On February 20,
9 2004, a jury found Petitioner to be an SVP (C.T. 540; R.T. 1174-76).
10 The court ordered Petitioner committed to Atascadero State Hospital
11 for two years (C.T. 540; R.T. 1177).[2]

12

13    The Court of Appeal affirmed the judgment (Respondent's Lodgment
14 6).  The California Supreme Court summarily denied Petitioner's
15 petition for review (Respondent's Lodgment 8).  On February 13, 2007,
16 Petitioner filed a habeas corpus petition in the California Supreme
17 Court, which that court denied summarily on March 14, 2007
18 (Respondent's Lodgments 10, 11).
19 ///
20 ///
21 ///

22
23        [2]    On January 13, 2006, the Riverside County District
24 Attorney filed a petition for extended commitment (Respondent's
   Lodgment 9).  The Court takes judicial notice of the docket of
25 the Riverside County Superior Court in District Attorney of
   Riverside County v. Burruel, case number RIC382033, available on
26 the California courts' website at www.courtinfo.ca.gov, which
   indicates that jury trial on the extended commitment petition is
27 set for March 18, 2008.  See Mir v. Little Company of Mary Hosp.,
   844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice
28 of court records).

3

1
2

**STANDARD OF REVIEW**

3      Under the "Antiterrorism and Effective Death Penalty Act of 1996"
4  ("AEDPA"), signed into law April 24, 1996, a federal court may not
5  grant an application for writ of habeas corpus on behalf of a person
6  in state custody with respect to any claim that was adjudicated on the
7  merits in state court proceedings unless the adjudication of the
8  claim: (1) "resulted in a decision that was contrary to, or involved
9  an unreasonable application of, clearly established Federal law,
10 as determined by the Supreme Court of the United States"; or
11 (2) "resulted in a decision that was based on an unreasonable
12 determination of the facts in light of the evidence presented in the
13 State court proceeding." 28 U.S.C. § 2254(d) (as amended); Woodford
14 v. Visciotti, 537 U.S. 19, 24-26 (2002); Early v. Packer, 537 U.S. 3,
15 8 (2002); Williams v. Taylor, 529 U.S. 362, 405-09 (2000).

16

17     "Clearly established Federal law" refers to the governing legal
18 principle or principles set forth by the Supreme Court at the time the
19 state court renders its decision. Lockyer v. Andrade, 538 U.S. 63
20 (2003). A state court's decision is "contrary to" clearly established
21 Federal law if: (1) it applies a rule that contradicts governing
22 Supreme Court law; or (2) it "confronts a set of facts . . .
23 materially indistinguishable" from a decision of the Supreme Court but
24 reaches a different result. See Early v. Packer, 537 U.S. at 8
25 (citation omitted) (quoting Williams v. Taylor, 529 U.S. at 405-06).

26

27     Under the "unreasonable application prong" of section 2254(d)(1),
28 a federal court may grant habeas relief "based on the application of a

4

1  governing legal principle to a set of facts different from those of

2  the case in which the principle was announced." <u>Lockyer v. Andrade</u>,

3  538 U.S. at 76 (citation omitted); <u>see also</u> <u>Woodford v. Visciotti</u>, 537

4  U.S. at 24-26 (state court decision "involves an unreasonable

5  application" of clearly established federal law if it identifies the

6  correct governing Supreme Court law but unreasonably applies the law

7  to the facts).  A state court's decision "involves an unreasonable

8  application of [Supreme Court] precedent if the state court either

9  unreasonably extends a legal principle from [Supreme Court] precedent

10 to a new context where it should not apply or unreasonably refuses to

11 extend that principle to a new context where it should apply."

12 <u>Williams v. Taylor</u>, 529 U.S. at 407 (citation omitted).

13

14    "In order for a federal court to find a state court's application

15 of [Supreme Court] precedent 'unreasonable,' the state court's

16 decision must have been more than incorrect or erroneous." <u>Wiggins v.</u>

17 <u>Smith</u>, 539 U.S. 510, 520-21 (2003) (citation omitted).  "The state

18 court's application must have been 'objectively unreasonable.'" <u>Id.</u>

19 (citation omitted); <u>see also</u> <u>Clark v. Murphy</u>, 331 F.3d 1062, 1068 (9th

20 Cir.), <u>cert. denied</u>, 540 U.S. 968 (2003).

21

22    In applying these standards, this Court looks to the last

23 reasoned state court decision.  <u>See</u> <u>Davis v. Grigas</u>, 443 F.3d 1155,

24 1158 (9th Cir. 2006) (citation and quotations omitted).  Here,

25 Petitioner first presented his claim in his habeas petition filed in

26 the California Supreme Court (<u>see</u> Respondent's Lodgment 10).  The

27 California Supreme Court denied that petition without opinion (<u>see</u>

28 Respondent's Lodgment 11).  Where, as here, no reasoned state court

1  opinion exists, this Court must conduct an independent review to
2  determine whether the decisions were contrary to, or involved an
3  unreasonable application of, "clearly established" Supreme Court
4  precedent.  See Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).
5
6                  OVERVIEW OF CALIFORNIA'S SVP ACT
7
8      In Carty v. Nelson, 426 F.3d 1064 (9th Cir. 2005), amended, 431
9  F.3d 1185 (9th Cir. 2005), cert. denied, 126 S. Ct. 2037 (2006), the
10 Ninth Circuit comprehensively described the operation of California's
11 SVP Act:
12
13      California's SVP Act requires that a prisoner who was
14      previously convicted of certain enumerated violent sex
15      crimes be evaluated by the Department of Corrections, the
16      Board of Prison Terms, and the California Department of
17      Mental Health six months before being released from prison
18      to determine whether the prisoner may be a potential SVP.
19      See Cal. Welf. & Inst. Code § 6601(a)(1).  This screening
20      involves review of the prisoner's background and criminal
21      record.  See id. § 6601(b).  If the Department of
22      Corrections concludes that the prisoner is likely to be an
23      SVP, the prisoner is referred to the Department of Mental
24      Health for a "full evaluation" to determine whether the
25      prisoner meets the other criteria in the SVP Act.  See id.
26
27      This full evaluation must be conducted in accordance
28      with a standardized assessment protocol by at least two

                                6

practicing psychiatrists or psychologists designated by the
Department of Mental Health. *See id.* § 6601(c) & (d).   The
two evaluators must agree that the prisoner has a mental
disorder and is dangerous within the meaning of section 6600
for proceedings to go forward under the SVP Act.[3]  *See id.* §
6601(d).   If the two evaluators agree that the prisoner
should be civilly committed under the SVP Act, the
Department of Mental Health will then transmit a request for
a petition for commitment to the county in which the alleged
SVP was convicted.   At that time the Department of Mental
Health will also send the county copies of the psychiatric
evaluations prepared by the evaluators and any other
supporting documentation.  *See id.* § 6601(d), (h), & (i).

   "If the county's designated counsel [either the
district attorney or county counsel] concurs with the
recommendation, a petition for commitment shall be filed in
the [county's] superior court...."  *Id.* § 6601(i).   Once the
petition for civil commitment is filed in the superior court
by the county's designated counsel, a superior court judge
will then hold a "probable cause hearing."  *Id.* § 6602(a).

---

   [3]   If the two Department of Mental Health evaluators
disagree whether the statutory criteria are present, "two
independent professionals" must be selected and "further
examination" of the alleged SVP must be conducted.  <u>See</u> Cal.
Welf. & Inst. Code § 6601(e); <u>see also</u> <u>id.</u> § 6601(f) & (g).  "[A]
petition to request commitment ... shall only be filed if both
independent professionals ... concur that the person meets the
criteria for commitment ...."  <u>Id.</u> § 6601(f).

7

At this hearing, the prisoner is entitled to assistance of counsel.

The superior court judge will determine at the hearing whether there is probable cause to believe that the prisoner is likely to engage in sexually violent, predatory criminal behavior after being released from prison. *See id.* If the judge determines there is no probable cause, the judge shall dismiss the petition for commitment. If, however, the judge determines that probable cause exists, the judge must order the prisoner to remain in custody pending a civil commitment trial to determine whether the prisoner is, by reason of a diagnosed mental disorder, a danger to the health and safety of others and likely to engage in acts of sexual violence upon release from prison.

Despite the fact that the commitment trial is civil in nature, the prisoner is nonetheless "entitled to a trial by jury, to the assistance of counsel, to the right to retain experts or professional persons to perform an examination on his or her behalf, and to have access to all relevant medical and psychological records and reports." *Id.* § 6603. If the prisoner is indigent, then she or he is entitled to court-appointed counsel and court-appointed experts. If the prisoner or county's designated counsel do not demand a jury trial, a bench trial will be conducted. *Id.* § 6603(e). The court or jury shall determine whether, beyond a reasonable doubt, the prisoner is a sexually violent predator. *Id.* §

8

6604.  A unanimous verdict is required in any jury trial.
*Id.* § 6603(f).  "If the court or jury is not satisfied
beyond a reasonable doubt that the person is a sexually
violent predator, the court shall direct that the person be
released at the conclusion of the term for which he or she
was initially sentenced."  *Id.*  But if the court or jury
determines following a trial that the person is a sexually
violent predator, then the prisoner is deemed an SVP and
civilly committed for two years in a facility designated by
the California Department of Mental Health.  *See id.* §
6604.[4]   The SVP is then committed to the custody of the
Department of Mental Health "for appropriate treatment and
confinement in a secure facility ...."  *Id.*

     An SVP may not be civilly committed for more than two
years unless a new petition for commitment is filed and a
subsequent re-commitment is obtained pursuant to the same
safeguards detailed above.  *See id.*  Once every year, the
civilly committed SVP has a right to a "show cause" hearing
to determine whether her or his condition has changed such
that she or he no longer poses a danger to others.  *See id.*
§ 6605.  If the superior court at the show cause hearing
determines that the SVP's condition has changed, then
another hearing is held by the court to permit the State to

---

     4    [California Welfare and Institutions Code section 6604,
as amended in 2006 by Proposition 83 (Initiative Measure Prop.
83, eff. Nov. 8, 2006), now provides for an indeterminate
commitment term rather than a two-year term.]

1   show that the SVP remains a danger to others.  Again, if the
2   prisoner or county's designated counsel do not demand a jury
3   trial, a bench trial will be conducted to determine whether
4   the SVP remains a danger to others.  If the court or jury
5   finds in favor of the civilly committed SVP, then the person
6   must be released.  If, however, the court or jury finds in
7   favor of the State, the person is recommitted for two more
8   years.  *See id.* §§ 6605, 6608.

9

10  Carty v. Nelson, 426 F.3d at 1066-68; see also Hydrick v. Hunter, 500
11  F.3d 978, 983 (9th Cir. 2007); Hubbart v. Superior Court, 19 Cal. 4th
12  1138, 81 Cal. Rptr. 2d 492, 969 P.2d 584 (1999).[5]

13

14                              **DISCUSSION**

15

16       As indicated above, at the time Petitioner's SVP proceedings
17  commenced in 2002, Petitioner was in custody because of his conviction
18  for buying or receiving a stolen motor vehicle, and not because of
19  Petitioner's prior sexual offenses.  However, two psychologists opined
20  at trial that Petitioner met the criteria of an SVP (see C.T. 29-38,
21  41-65; R.T. 36, 42-44, 62, 128, 143, 162, 166-68, 174-75, 193-207,
22  225-32, 244-65, 274-75, 277-78).  Petitioner challenges the
23  constitutionality of California's SVP Act as applied to Petitioner on
24  the ground that the Act does not require, as proof of dangerousness,

25

26  _____
27       [5]    Petitioner's felony convictions for violation of
    California Penal Code sections 288 and 288a qualified as
    "sexually violent offenses."  Cal. Welf. & Inst. Code §§ 6600(b),
28  6600.1.

                                  10

1   proof of a <u>recent</u> overt act, attempt or threat "demonstrating harm of

2   a sexually violent nature or creating a reasonable apprehension of

3   such harm" (Reply, p. 5).

4

5       California's SVP Act provides: "'Danger to the health and safety

6   of others' does not require proof of a recent overt act while the

7   offender is in custody."  Cal. Welf. & Inst. Code § 6600(d); <u>see also</u>

8   <u>People v. Buffington</u>, 74 Cal. App. 4th 1149, 1161, 88 Cal. Rptr. 2d

9   696 (1999).  Thus, California law does not require proof of a "recent

10  overt act" to show dangerousness.  <u>See</u> <u>People v. Martin</u>, 107 Cal. App.

11  3d 714, 725, 165 Cal. Rptr. 773 (1980) (rejecting argument that due

12  process required proof of "recent overt act" for civil commitment of

13  mentally disordered sex offender; noting that defendant's confinement

14  at Atascadero afforded him "small opportunity" to force sexual

15  relations on preadolescent girls).

16

17      The United States Supreme Court "has recognized that civil

18  commitment for any purpose constitutes a significant deprivation of

19  liberty that requires due process protection."  <u>Addington v. Texas</u>,

20  441 U.S. 418, 425 (1979) ("<u>Addington</u>").  Involuntary commitment

21  statutes are constitutional if: (1) the confinement takes place

22  pursuant to proper procedures and evidentiary standards; (2) there is

23  a finding of dangerousness to one's self or others; (3) proof of

24  dangerousness is coupled with proof of some additional factor, such as

25  mental illness or mental abnormality; and (4) there is proof of

26  serious difficulty in controlling behavior.  <u>Kansas v. Crane</u>, 534 U.S.

27  407, 409-10, 412-14 (2002); <u>Kansas v. Hendricks</u>, 521 U.S. 346, 357-58

28  (1997).  These elements must be established by clear and convincing

11

1   evidence.  <u>Hubbart v. Knapp</u>, 379 F.3d 773, 781 (9th Cir. 2004), <u>cert.</u>

2   <u>denied</u>, 543 U.S. 1071 (2005) (citing <u>Addington</u>, 441 U.S. at 433).

3

4        In <u>Kansas v. Hendricks</u>, the Supreme Court upheld the

5   constitutionality of Kansas' SVP statute, ruling that the statute's

6   requirement of proof of past sexually violent behavior and a present

7   mental condition that created a likelihood of future sexually violent

8   behavior satisfied the requirements of Due Process.  <u>Kansas v.</u>

9   <u>Hendricks</u>, 521 F.3d at 357-58 (noting that statute required a finding

10  of future dangerousness linked to the existence of a mental

11  abnormality or personality disorder that made it difficult, if not

12  impossible, for the person to control his dangerous behavior).  The

13  <u>Hendricks</u> Supreme Court did not state that Due Process also required

14  proof of a "recent overt act" to show future dangerousness.[6]  Because

15  California's SVP statute defines an SVP in a manner similar to the

16  statute upheld in <u>Kansas v. Hendricks</u>, courts located in California

17  have upheld the constitutionality of California's SVP statute.  <u>See</u>

18  <u>Hubbart v. Superior Court</u>, 19 Cal. 4th at 1157-58; <u>Johnson v. Nelson</u>,

19  142 F. Supp. 2d 1215, 1230 (S.D. Cal. 2001).

20

21       Petitioner does not cite any Supreme Court case holding that Due

22  Process requires proof of a recent overt act to support a civil

23  commitment.  Indeed, the Supreme Court has never held that Due Process

24

25       [6]   The statute upheld in <u>Kansas v. Hendricks</u> did not

26  contain any "recent overt act" requirement.  <u>See</u> Kan. Stat. Ann.
    § 59-29a02.  Although the Kansas legislature subsequently amended

27  the statute in 2006, the amendments did not add any recent overt
    act requirement.  <u>See</u> 2006 Kan. Sess. Laws ch. 214 (approved

28  May 24, 2006).

requires proof of a "recent overt act" to support a civil commitment. See Shay v. County of Berks, 2003 WL 21973318, at *6 (E.D. Pa. June 12, 2003) ("Beyond stating that the 'loss of liberty [incurred because of involuntary civil commitment] calls for a showing that the individual suffers from something more serious than is demonstrated by idiosyncratic behavior[,] Addington, 441 U.S. at 427, the Supreme Court has not specifically defined the dangerousness element of the . . . substantive due process standard."). In Kansas v. Crane, the Supreme Court held that Due Process requires proof of a "serious difficulty in controlling behavior" to support a civil commitment. Kansas v. Crane, 534 U.S. at 412-14 (rejecting claim that Due Process requires proof of a total lack of control to support a finding of dangerousness). However, the Court did not identify any particular form of the proof required by Due Process, observing that "the Constitution's safeguards of human liberty in the area of mental illness and the law are not always best enforced through precise bright-line rules." Id. at 413.

In United States v. Sahhar, 917 F.2d 1197 (9th Cir. 1990), cert. denied, 499 U.S. 963 (1991) the Ninth Circuit rejected the argument that the Constitution requires proof of a "recent overt act" for the commitment of a mentally incompetent federal criminal defendant. Id. at 1207-08 ("Nor do we believe that due process requires a finding that defendant recently committed dangerous acts. Addington [v. Texas] held that commitment must be based on 'something more serious than is demonstrated by idiosyncratic behavior' [citation]. Otherwise Addington placed no due process limits on the range of evidence a

13

1    court may consider in reaching its decision.").[7]  The Court held that

2    the statutory requirement of a finding that the defendant's release

3    would create a "substantial risk" of bodily injury to another or

4    serious damage to property could be based on "any activity that

5    evinces a genuine possibility of future harm to persons or property,"

6    and that "[w]hether that activity occurred recently is but one factor

7    for the district court to consider in weighing the evidence."  Id. at

8    1207.

9

10        Courts presently differ regarding the issues of whether, and

11   under what circumstances, the Due Process Clause may require proof of

12   a "recent overt act" to show dangerousness sufficient to warrant a

13   civil commitment.  See Project Release v. Prevost, 722 F.2d 960, 973-

14   74 (2d Cir. 1983) (collecting cases; holding proof of recent overt act

15   not required); Fisk v. Letterman, 501 F. Supp. 2d 505, 523-24

16   (S.D.N.Y. 2007) (proof of recent overt act not required); Shay v.

17   County of Berks, 2003 WL 21973318, at *6; In re Christopher K., 155

18   N.H. 219, 224-28, 923 A.2d 187 (2007) (proof of recent dangerous act

19   not constitutionally required to support civil commitment for purpose

20   _____

21        [7]   In Suzuki v. Yuen, 617 F.2d 173, 178 (9th Cir. 1980),
     the Ninth Circuit held that Hawai'i's statute for the involuntary
22   commitment of mentally ill persons unconstitutionally failed to
     require proof that the requisite danger to self or others was
23   "imminent."  The district court in that case held the statute at
     issue unconstitutional because, among other things, the statute
24   failed to require the finding of a recent act, attempt or threat
     of imminent and substantial danger before commitment could occur.
25   See Suzuki v. Alba, 438 F. Supp. 1106, 1110 (D. Hawai'i 1977),
     aff'd in part, rev'd in part, 617 F. 2d 173 (9th Cir. 1980).  The
26   Ninth Circuit agreed that danger must be "imminent' to support an
     involuntary civil commitment, but did not define any particular
27   type of proof required, and did not discuss the issue of a recent
     overt act requirement.  See Suzuki v. Yuen, 617 F.2d at 178.
28

                                    14

1   of conditional discharge); In re Commitment of Bush, 283 Wis. 2d 90,

2   95-96, 699 N.W.2d 80 (2005), cert. denied, 546 U.S. 1004 (2005)

3   (rejecting argument that Due Process requires proof of recent overt

4   act to support SVP determination where there was a break in SVP's

5   incarceration and SVP was recommitted for nonsexual behavior); In re

6   Commitment of P.Z.H., 377 N.J. Super. 458, 466, 873 A.2d 595 (N.J.

7   Super. Ct. App. Div. 2005) (current incarceration for SVP qualifying

8   offense not required; commitment constitutional regardless of date of

9   last predicate offense, where statutory requirements otherwise met;

10  rejecting cases from other states requiring proof of "recent overt

11  act" because of different statutory language); Beasley v. Molett, 95

12  S.W.3d 590, 599 (Tex. App. 2002) (Texas' SVP Act not unconstitutional

13  for failure to require proof of recent overt act, where statute

14  required proof of repeat sexual offenses and a behavioral abnormality

15  making the SVP a "menace to the health and safety of another person");

16  In the Matter of Maricopa County Cause No. MH-90-00566, 173 Ariz. 177,

17  184, 840 P.2d 1042 (Ariz. App. 1992) (proof of recent overt act not

18  required for civil commitment, where statute required proof by clear

19  and convincing evidence of substantial probability of harm); compare

20  In re Detention of Gonzales, 658 N.W.2d 102, 104-06 (Iowa 2003) (under

21  statute requiring proof of recent overt act where individual is not

22  presently confined, proof of recent overt act required where

23  individual is not confined for sexually violent offense); In re

24  Albrecht, 147 Wash. 2d 1, 11, 51 P.3d 73 (2002) (proof of recent overt

25  act constitutionally required where offender is released and later

26  incarcerated for violation of conditions of community placement).

27  ///

28  ///

1    In sum, no clearly established Supreme Court law supports

2 Petitioner's "recent overt act" claim.  Petitioner's reliance on lower

3 federal court cases and state court cases is unavailing.  "Under AEDPA

4 [a court] must look to the direct precedent of the Supreme Court of

5 the United States."  Casey v. Moore, 386 F.3d 896, 907 (9th Cir.

6 2004), cert. denied, 545 U.S. 1146 (2005); see also Carey v. Musladin,

7 127 S. Ct. 649, 653-65 (2006) ("clearly established" Supreme Court law

8 refers to the holdings of the United States Supreme Court; habeas

9 relief unavailable on an issue never addressed by the United States

10 Supreme Court); accord Wright v. Van Patten, 2008 WL 59980 *3-4 (U.S.

11 Jan 7, 2008).  "[D]ecisions of [the United States Supreme Court] are

12 the only ones that can form the basis justifying habeas relief; 'lower

13 federal courts cannot themselves establish such a principle with

14 clarity sufficient to satisfy the AEDPA bar.'"  Hernandez v. Small,

15 282 F.3d 1132, 1140 (9th Cir.), cert. denied, 537 U.S. 851 (2002)

16 (quoting Williams v. Taylor, 529 U.S. at 381).

17

18    Applying the AEDPA standard of review, the Ninth Circuit has

19 declined to award habeas relief in several cases in which California

20 SVPs raised issues not addressed by any United States Supreme Court

21 case.  In Hubbart v. Knapp, 379 F.3d 773 (9th Cir. 2004), cert.

22 denied, 543 U.S. 1071 (2005), the petitioner contended that he had

23 been in custody illegally at the time SVP proceedings were commenced,

24 allegedly rendering his subsequent SVP commitment unconstitutional.[8]

25 The California Court of Appeal rejected this claim, ruling that an SVP

26 _____

27    [8]    At the time SVP proceedings were commenced, Hubbart was
in custody pursuant to a parole regulation later ruled unlawful.
28 See Hubbart v. Knapp, 379 F.3d at 776.

1  commitment resulting from an unlawful custody did not violate Due

2  Process where the unlawful custody was the result of a good faith

3  error and the SVP was provided with "numerous procedural safeguards."

4  Id. at 780-81; see People v. Hubbart, 88 Cal. App. 4th 1202, 1230, 106

5  Cal. Rptr. 2d 490 (2001), cert. denied, 534 U.S. 1143 (2002).

6  Applying the AEDPA standard of review set forth in 28 U.S.C. section

7  2254(d), the Ninth Circuit held that the California Court of Appeal

8  did not unreasonably apply Addington in denying Hubbart's claim.

9  Hubbart v. Knapp, 379 F.3d at 781.  The Ninth Circuit reasoned that

10 there was no Supreme Court authority contrary to the state court's

11 conclusion that the SVP Act satisfied Due Process, "even accounting

12 for [the state court's] interpretation of the [Act's] 'in custody'

13 prerequisite."  Id.

14

15     In Carty v. Nelson, 426 F.3d 1064 (9th Cir. 2005), amended, 431

16 F.3d 1185 (9th Cir. 2005), cert. denied, 126 S. Ct. 2037 (2006), the

17 petitioner argued that the use of a written probation report at his

18 commitment hearing violated Due Process.  The Ninth Circuit rejected

19 this claim, observing that Carty had "fail[ed] to identify any Supreme

20 Court case which impose[d] an obligation on the San Diego County

21 District Attorney to proffer only live testimony at civil commitment

22 hearings under the SVP Act."  Id. at 1075.

23

24     In the present case, there is no clearly established Supreme

25 Court law requiring proof of a "recent overt act" to support a civil

26 commitment.  In rejecting Petitioner's claim, the California Supreme

27 Court did not unreasonably apply Addington, Kansas v. Crane, Kansas v.

28 Hendricks, or any clearly established Supreme Court authority.

17

1  Accordingly, Petitioner is not entitled to habeas relief.  <u>See</u>

2  28 U.S.C. § 2254(d); <u>Wright v. Van Patten</u>, 2008 WL 59980 *3-4 (U.S.

3  Jan. 7, 2008); <u>Carey v. Musladin</u>, 127 S. Ct. at 654; <u>Casey v. Moore</u>,

4  386 F.3d at 907; <u>see also</u> <u>Sims v. Rowland</u>, 414 F.3d 1148, 1156-57 (9th

5  Cir.), <u>cert. denied</u>, 546 U.S. 1066 (2005) (habeas relief unavailable

6  where no Supreme Court case supported petitioner's claim).

7

8                              **RECOMMENDATION**

9

10      For the reasons discussed above, IT IS RECOMMENDED that the Court

11 issue an Order: (1) approving and adopting this Report and

12 Recommendation; and (2) denying and dismissing the Petition with

13 prejudice.

14

15          DATED: January 8, 2008.

16

17              _____/s/_____

18                      CHARLES F. EICK
                 UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

18

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.